# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEJANDRO BANDY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75612

**FILED**

MAR 18 2019



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to an *Alford*[1] plea, of sexual assault with a minor under fourteen years of age. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant Alejandro Bandy entered into a guilty plea agreement pursuant to *Alford*, and thereafter filed a presentence motion to withdraw his guilty plea. The district court denied the motion, and on appeal Bandy argues the totality of the circumstances warrants reversal because counsel failed to inform him of the consequences to his immigration status and coerced him into signing the agreement, and because he misapprehended the evidence against him.[2]

"[G]uilty pleas are presumptively valid, especially when entered on advice of counsel," and we will not reverse the district court's decision absent an abuse of discretion. . . . . *Molina v. State*, 120 Nev. 185,

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] To the extent Bandy asserts a claim for ineffective assistance of counsel, we do not consider that claim as it is not properly before this court. *See Alotaibi v. State*, 133 Nev., Adv. Op. 81, 404 P.3d 761, 763 n.2 (2017) (noting a claim of ineffective assistance of counsel should first "be raised in postconviction proceedings in the district court").

190-91, 87 P.3d 533, 537-38 (2004). A defendant may move to withdraw a guilty plea before sentencing, NRS 176.165, and "a district court may grant a defendant's motion to withdraw his guilty plea before sentencing for any reason where permitting withdrawal would be fair and just." *Stevenson v. State*, 131 Nev. 598, 604, 354 P.3d 1277, 1281 (2015). "[T]he district court must consider the totality of the circumstances to determine whether permitting withdrawal of a guilty plea before sentencing would be fair and just." *Id.* at 603, 354 P.3d at 1281. We give deference to the district court's factual findings that are supported by the record. *Id.* at 604, 354 P.3d at 1281.

We conclude substantial evidence supports the district court's decision. The district court held an evidentiary hearing and the evidence adduced supported that counsel fully advised Bandy of the consequences of entering into the plea agreement, Bandy did not misapprehend the evidence, and Bandy made a reasoned decision to enter into the plea agreement based on the options before him. While we are cognizant that there was conflicting evidence regarding counsel's actions and Bandy's knowledge of the consequences of his plea agreement, we presume the district court correctly assessed the plea's validity and give deference to the district court's factual findings that are supported by the evidence. *See Rubio v. State*, 124 Nev. 1032, 1039, 194 P.3d 1224, 1229 (2008); *Riker v. State*, 111 Nev. 1316, 1322, 905 P.2d 706, 710 (1995). Therefore, because substantial evidence supports that Bandy knowingly, voluntarily, and intelligently entered into his plea agreement and that the totality of the circumstances does not warrant reversal here, we conclude the district court

did not abuse its discretion by denying the motion to withdraw the guilty plea. *See Molina*, 120 Nev. at 191, 87 P.3d at 538. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. William D. Kephart, District Judge
Law Office of Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk